# In re Jian An WANG, Respondent

A29 714 147 - New York

*Decided May 25, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An alien who entered the United States without inspection is not eligible for adjustment of status under the Chinese Student Protection Act of 1992, Pub. L. No. 102-404, 106 Stat. 1969 ("CSPA").

(2) An alien whose CSPA application for adjustment of status was denied as a result of the alien's entry without inspection may not amend or renew the application in immigration proceedings in conjunction with section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (2000).

FOR RESPONDENT: Jeffrey E. Baron, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Susan M. Beschta, Assistant Chief Counsel

BEFORE: Board Panel: HOLMES, HURWITZ, and MILLER, Board Members.

HOLMES, Board Member:

The United States Court of Appeals for the Second Circuit has remanded this case with a request that we address a number of issues concerning the respondent's eligibility for adjustment of status under the Chinese Student Protection Act of 1992, Pub. L. No. 102-404, 106 Stat. 1969 (enacted Oct. 9, 1992) ("CSPA"). After considering these issues, we again find that the respondent is ineligible for adjustment of status. We will therefore sustain the appeal of the Department of Homeland Security ("DHS") from the Immigration Judge's grant of adjustment of status and remand the record to permit the respondent to apply for any other relief for which he may be eligible.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The respondent is a native and citizen of the People's Republic of China ("PRC") who entered the United States on January 8, 1990, without inspection. On January 22, 1990, deportation proceedings were initiated upon the issuance of an Order to Show Cause, Notice of Hearing, and Warrant for

Arrest of Alien (Form I–221S). In August 1990, by agreement of both parties, proceedings were administratively closed.

On July 15, 1993, the respondent filed an application for adjustment of status pursuant to the Chinese Student Protection Act with the district director of the Immigration and Naturalization Service.[1] On November 15, 1994, the district director denied the respondent's application, finding that his entry into the United States without inspection rendered him ineligible for CSPA adjustment. In October 1998, the respondent filed a motion to recalendar deportation proceedings in order to renew his adjustment application before the Immigration Judge. After this motion was granted, the respondent filed a new CSPA application for adjustment of status with the Immigration Court, which was date-stamped February 2, 1999. On January 28, 1999, he also paid the additional $1000 fee required for adjustment of status under section 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i) (Supp. V 1999). The Immigration Judge granted his CSPA application for adjustment of status on October 25, 1999.

The DHS appealed the Immigration Judge's decision. In a decision dated March 14, 2003, we held that the respondent was ineligible for CSPA adjustment of status in conjunction with section 245(i) of the Act, because section 245(i) applies only to applications filed on or after October 1, 1994. *See* 8 C.F.R. § 245.10(e) (2003). Because the respondent's CSPA application was required to be filed before this date, we sustained the DHS appeal.

The respondent filed a petition for review in the Second Circuit. Pursuant to a Stipulation and Order of Settlement and Dismissal dated November 5, 2004, the court vacated our decision and remanded the case to us for further proceedings. The Stipulation and Order directed that we address the following questions:

1. Whether, under current law, the respondent may use section 245(i) in conjunction with his application to adjust his status under the CSPA;

2. How the LIFE Act amendments to section 245(i) affect the respondent's eligibility for adjustment of status;

3. How 8 C.F.R. § 245.10(a) affects the respondent's application for adjustment of status in conjunction with a waiver under section 245(i);

---

[1] On March 1, 2003, the functions of the Immigration and Naturalization Service were transferred to the Department of Homeland Security pursuant to Title IV of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2177. *See Matter of D-J-*, 23 I&N Dec. 572, 573 n.1 (A.G. 2003). To avoid possible confusion, the former INS will be referred to in this decision as the DHS.

4.  Whether the November 1997 amendments to section 245(i) vitiate the regulatory provision that section 245(i) does not apply to an application for adjustment of status that was filed before October 1, 1994;

5.  Whether an application for adjustment of status should be deemed a continuing application that renders 8 C.F.R. § 245.10(f)(2), which requires that a new application be filed, inapplicable to this case; and

6.  Whether the amendments to section 245(i) apply to this case because an adjustment of status application is deemed to be a continuing application such that changes in the law that took effect while the application was pending apply to the respondent's case.

## II.  STATUTORY PROVISIONS

### A.  Chinese Student Protection Act

The Chinese Student Protection Act allowed certain Chinese nationals to adjust their status under section 245 of the Act.  To be eligible for adjustment under the CSPA, an alien must (1) be a national of the People's Republic of China; (2) have resided continuously in the United States since April 11, 1990 (except for brief, casual, and innocent absences); and (3) not have been physically present in the PRC for more than 90 days between April 11, 1990, and October 9, 1992.  *See* CSPA § 2(b), 106 at 1969 (entitled "Aliens Covered").  According to the implementing regulations, to establish eligibility an alien must also (1) have been in the United States at some time between June 5, 1989, and April 11, 1990; (2) be admissible to the United States as an immigrant, unless the basis of the alien's inadmissibility has been waived; (3) establish eligibility for adjustment under all provisions of  section 245 of the Act, unless the basis for ineligibility has been waived; and (4) file an application for adjustment of status under section 245 of the Act.  *See* 8 C.F.R. § 1245.9(b) (2006).

An alien who met the above requirements was "deemed to have had a petition approved under section 204(a) of [the Immigration and Nationality] Act for classification under section 203(b)(3)(A)(i) of such Act."  CSPA § 2(a)(1), 106 Stat. at 1969.  Additionally, the alien's adjustment application was to be considered "without regard to whether an immigrant visa number [was] immediately available at the time the application [was] filed."  *Id.* § 2(a)(2). Moreover, the provisions of section 245(c) of the Act did not apply to applicants under the CSPA.  *Id.* § 2(a)(5).

The CSPA provided a 12-month window from July 1, 1993, to June 30, 1994, during which CSPA adjustment applications would be accepted.  *See* CSPA § 2(e), 106 Stat. at 1971.  The respondent submitted a

timely application for CSPA adjustment in July 1993, but it was denied by the district director because his entry without inspection precluded him from establishing eligibility "under all provisions of section 245 of the Act." 8 C.F.R. §1245.9(b)(6).

## B.  Section 245(i) Adjustment of Status

Eligibility for adjustment of status under section 245(a) of the Act is generally limited to aliens who have been "inspected and admitted or paroled" into the United States.  However, a few months after the period for filing an adjustment application under the CSPA expired, Congress amended section 245 to permit certain aliens who had entered without inspection to seek adjustment to lawful permanent resident status upon payment of a surcharge.  *See* section 245(i) of the Act; *see also* Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1995,  Pub. L. No. 103-317, § 506(b), 108 Stat. 1724, 1765-66 (enacted Aug. 26, 1994) ("1995 Appropriations Act").

Under the initial version of section 245(i), an alien who was eligible to receive an immediately available immigrant visa, but who would be precluded from adjustment of status under section 245(a) for having entered without inspection or for one of the reasons enumerated in section 245(c), was permitted to adjust status upon payment of a surcharge along with an application for adjustment under section 245(i).  1995 Appropriations Act § 506(b), 108 Stat. at 1766.  Under this initial enactment, a section 245(i) application for adjustment had to be filed between October 1, 1994, and October 1, 1997.  *Id.* § 506(c).  The enacting language provided that "[t]he provisions of [this] amendment[] to the Immigration and Nationality Act shall take effect on October 1, 1994 and shall cease to have effect on October 1, 1997."  *Id.*

Congress has twice extended and amended section 245(i).  The first extension occurred on November 26, 1997, after the initial period for filing a section 245(i) application had expired.  Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, § 111(b), 111 Stat. 2440, 2458 (enacted Nov. 26, 1997) ("1998 Appropriations Act").  This amendment repealed the sunset provision in the initial enactment, replacing the original effective date provision with the statement that the statute "shall take effect on October 1, 1994."  *Id.*  It also significantly amended the terms of section 245(i) by shifting the focus of the filing requirements from the date the application for adjustment of status was filed to the date on which the underlying visa petition or application for a labor certification was filed.  *Id.* § 111(a).  The new section 245(i) provision afforded adjustment to applicants on whose behalf a visa petition for

classification under section 204 of the Act or an application for a labor certification under section 212(a)(5)(A) had been filed on or before January 14, 1998. *Id.*

In 2000, Congress again extended the expiration date for section 245(i) adjustment applications to April 30, 2001, in the LIFE Act Amendments of 2000, Pub. L. No. 106-554, § 1502(a)(1), 114 Stat. 2763 (enacted Dec. 21, 2000) ("LIFE Act Amendments"). The LIFE Act Amendments, like the 1997 amendments, made the filing date of a visa petition or a labor certification critical in determining an alien's eligibility for relief. Thus, the current version of section 245(i) now specifies that an alien may file an adjustment application only if he or she is the beneficiary of either (1) a petition for classification under section 204 of the Act that was filed with the Attorney General on or before April 30, 2001, or (2) an application for a labor certification under section 212(a)(5)(A) that was filed by the alien's employer pursuant to the regulations of the Secretary of Labor on or before that date. *See* section 245(i) of the Act, 8 U.S.C. § 1255(i) (2000). Further, if the visa petition or labor certification was filed after January 14, 1998, the alien must have been physically present in the United States on the December 21, 2000, date of enactment. *Id.*

## III. ANALYSIS

### A. Eligibility for Adjustment of Status Under the CSPA of Chinese Nationals Who Entered Without Inspection

The only point of contention is whether the respondent can establish "eligibility for adjustment of status under all provisions of section 245 of the Act," as required by 8 C.F.R. §1245.9(b)(6). The respondent initially argues that as a national of China who was otherwise qualified for adjustment of status under the CSPA, he is included within the group of "Aliens Covered," as that term is defined in § 2(b) of the CSPA, and that he is therefore eligible for adjustment of status under the CSPA despite the fact that he entered the United States without inspection. In effect, the respondent argues that the eligibility provisions of section 245(a), which require that the alien be "inspected and admitted or paroled," are inapplicable to CSPA applicants.

This issue has been directly addressed and resolved by the regulations implementing the CSPA. *See* 8 C.F.R. § 1245.9(b)(6) (requiring eligibility for adjustment of status under "all provisions of section 245 of the Act"). The commentary to the interim rule implementing the CSPA provided that "[p]ersons who entered the United States without inspection are not eligible for CSPA benefits." *See* Adjustment of Status; Certain Nationals of the People's Republic of China, 58 Fed. Reg. 35,832, 35,835 (July 1, 1993).

When the final rule was published in November 1997, the Supplementary Information further addressed this issue and concluded as follows:

> Since the CSPA specifically requires applicants to apply under section 245 of the Act; expressly waives a portion of the requirements for adjustment under section 245 of the Act (section 245(c) of the Act); and makes no mention of waiving the other requirements of section 245, the Service has determined that CSPA applicants must comply with the requirements of section 245(a) of the Act.

Adjustment of Status; Certain Nationals of the People's Republic of China, 62 Fed. Reg. 63,249, 63,251 (Nov. 28, 1997).

Court decisions addressing this issue have also found that aliens who entered without inspection are ineligible for CSPA adjustment. *See, e.g.*, *Chan v. Reno*, 113 F.3d 1068 (9th Cir. 1997); *Tang v. Reno*, 77 F.3d 1194 (9th Cir. 1996); *Qi-Zhuo v. Meissner*, 70 F.3d 136 (D.C. Cir. 1995); *Chan v. Reno*, 6 F. Supp. 2d 273 (S.D.N.Y. 1998); *Chan v. Reno*, 991 F. Supp. 266 (S.D.N.Y. 1998). We concur and conclude that because 8 C.F.R. § 1245.9(a)(6) requires applicants for adjustment of status under the CSPA to establish eligibility under "all provisions of section 245 of the Act," such applicants must have been inspected and admitted or paroled into the United States as specified in section 245(a). We now turn to the questions concerning subsequent changes in the law and section 245(i) that the Second Circuit requested we address on remand.

### B. Effect of Subsequent Developments on Adjustment of Status by CSPA Applicants Who Entered Without Inspection

#### 1. Section 245(i) of the Act

As we previously noted, section 245(i) of the Act, which was enacted after the filing period for CSPA applications expired, permits an alien who entered without inspection to apply for adjustment of status. We must therefore determine whether a CSPA application can be amended or renewed so that an applicant who entered without inspection can seek adjustment under the provisions of section 245(i).

We begin by addressing a preliminary procedural issue presented by this case, i.e., whether an Immigration Judge may review the initial application for CSPA adjustment in immigration proceedings or whether the respondent must file a new application. Ordinarily, when the DHS denies an application for adjustment of status, there is no direct appeal from such a denial, but the applicant "retains the right to *renew his or her application*" in deportation or removal proceedings. 8 C.F.R. § 1245.2(a)(5)(ii) (2006) (emphasis added).

The background information on the final CSPA regulations indicates that a CSPA applicant whose adjustment application is denied by the district director may renew the application in immigration proceedings. *See* 62 Fed. Reg. at 63,249 (Supplementary Information). The question is whether such a "renewed" CSPA application may benefit from the provisions of section 245(i).

The regulations implementing section 245(i) contain a number of provisions relevant to this issue. For applicants in deportation or removal proceedings, the regulations provide the following rule:

> *Pending adjustment application with the Service or Executive Office for Immigration Review filed without Supplement A to Form I–485 and additional sum. . . .* If the application for adjustment of status is pending before the Executive Office for Immigration Review (EOIR), EOIR will allow the respondent *an opportunity to amend* an adjustment of status application filed in accordance with § 103.2 of 8 C.F.R. chapter I (to include Supplement A to Form I–485 and proof of remittance to the INS of the required additional sum) in order to request consideration under the provisions of section 245(i) of the Act.

8 C.F.R. §1245.10(d) (2006) (second emphasis added).

Read in isolation, this regulation would seem to permit an applicant in immigration proceedings to amend a timely filed CSPA application rather than "refile" the application to meet section 245(i) requirements. The next paragraph, however, specifically addresses applications filed before October 1, 1994:

> *Applications for Adjustment of Status filed before October 1, 1994.* The provisions of section 245(i) of the Act shall not apply to an application for adjustment of status that was filed before October 1, 1994 . . . [or] to a motion to reopen or reconsider [such] an application . . . . An applicant whose pre-October 1, 1994, application for adjustment of status has been denied *may file a new application for adjustment of status* pursuant to section 245(i) of the Act on or after October 1, 1994, provided that such new application is accompanied by: the required fee; Supplement A to Form I–485; the additional sum required by section 245(i) of the Act; and all other required initial and additional evidence.

8 C.F.R. § 1245.10(e) (second emphasis added). When we consider these two provisions together, therefore, we find that the date restriction in 8 C.F.R. § 1245.10(e) limits the adjustment applications that may be amended during the course of immigration proceedings pursuant to 8 C.F.R. § 1245.10(d) to those that were filed after October 1, 1994. Under the terms of the CSPA, however, the deadline for filing an adjustment application was June 30, 1994. Therefore, CSPA applications, which were necessarily filed prior to June 30, 1994, and, consequently, before October 1, 1994, may not be amended in proceedings for consideration under section 245(i). Furthermore, the June 30,

1994, deadline for CSPA applications clearly precludes the filing of a new application pursuant to section 245(i).

The respondent relies on the reference in 8 C.F.R. § 1245.10(e) to the filing of a new application with the surcharge and Supplement A to Form I–485 as the mechanism by which he may qualify for adjustment of status under section 245(i). However, this reading of the regulations has been repeatedly considered and rejected. The second interim rule for section 245(i) directly addressed this issue and concluded as follows:

> A number of [the] commenters argued that, although applicants who entered without inspection were ineligible for adjustment of status under the CSPA, the provisions of section 245(i) should apply retroactively to any CSPA application pending as of October 1, 1994. One commenter noted that, [while] most aliens with pending adjustment of status applications could simply file a new application under section 245(i), CSPA applicants cannot file a new application because of the CSPA's statutory filing deadline of June 30, 1994. . . . As stated previously, the provisions of section 245(i) apply only to applications filed on or after October 1, 1994. Further, had Congress intended any special consideration for CSPA applications, such provisions would have been incorporated into the statute. Accordingly, the provisions of the rule have not been changed in response to these comments.

Adjustment of Status to That of Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility, 62 Fed. Reg. 39,417, 39,420 (July 23, 1997) (Supplementary Information).

Commentary accompanying the CSPA final rule also directly addressed the use of section 245(i) in conjunction with CSPA adjustment and concluded the following:

> [Section 245(i)] became effective on October 1, 1994, 3 months after the close of the CSPA application period. It is due to sunset on October 23, 1997. Since the new law applies only to applications filed after October 1, 1994, (see 8 C.F.R. 245.10(e)) it has no effect on CSPA adjustment-of-status applications. Accordingly, the interim rule's requirement that an eligible CSPA applicant show that he or she entered the United States following an inspection and admission or parole has not been changed.

62 Fed. Reg. at 63,252 (Nov. 28, 1997) (Supplementary Information).

The respondent has not presented convincing arguments that CSPA applicants may invoke section 245(i). Consequently, we conclude that an alien, such as the respondent, may not rely on section 245(i) to cure his ineligibility for adjustment of status under the CSPA resulting from his entry without inspection. *Accord Chan v. Reno*, *supra*, at 1072 (stating that "[b]ecause the eligibility and effective dates are clear, we conclude that aliens who applied for adjustment under the CSPA are not eligible for treatment under § 245(i)").

## 2. LIFE Act Amendments

As discussed above, the 2000 LIFE Act Amendments to section 245(i) provided that an otherwise eligible alien could file an application for adjustment of status under section 245(i) of the Act if he or she was the beneficiary of either (1) a petition for classification under section 204 of the Act that was filed with the Attorney General on or before April 30, 2001; or (2) an application for a labor certification that was filed by the alien's employer pursuant to the regulations of the Secretary of Labor on or before that date. Thus, under the current version of section 245(i), such a visa petition or application for a labor certification could preserve the alien beneficiary's ability to subsequently file an application for adjustment of status under section 245(i).

Under section 2(a)(1) of the CSPA, an alien who qualified for CSPA adjustment was "deemed to have had a petition approved under section 204(a) of [the Act] for classification under section 203(b)(3)(A)(i) of such Act." The respondent asserts that his filing of a CSPA adjustment application should therefore be considered the equivalent of the filing of a visa petition on his behalf under section 204(a) of the Act. Consequently, he contends that he qualifies as the beneficiary of an immigrant visa petition filed with the Attorney General before April 30, 2001.

We reject this argument. The language chosen by Congress in the current version of section 245(i) clearly refers to the act of filing an immigrant visa petition. The filing of an immigrant visa petition is an act preliminary to, and is distinctly different from, the filing of an application for adjustment of status. The respondent is not the beneficiary of a visa petition or an application for a labor certification. Rather he is the beneficiary of a limited opportunity to adjust status afforded by Congress under the CSPA. The background information for the regulations implementing section 245(i) emphasizes this point, stating that

> [o]ther types of applications or petitions for immigration benefits—including but not limited to asylum applications, diversity visa applications, and diversity visa lottery-winning letters—do not serve to grandfather an alien for purposes of Section 245(i), because they do not satisfy the statutory requirement that the alien must be the beneficiary of a qualifying immigrant visa petition for classification under Section 204 of the Act filed with the Attorney General or a qualifying labor certification application filed with the Secretary of Labor.

Adjustment of Status to That of Person Admitted for Permanent Residence; Temporary Removal of Certain Restrictions of Eligibility, 66 Fed. Reg. 16,383, 16,384 (Mar. 26, 2001) (Supplementary Information).

Assuming, for the sake of argument, that the respondent's situation could be equated to that of an alien who was the beneficiary of an immigrant visa petition or an application for a labor certification, he is still unable to adjust his status under section 245(i). Under 8 C.F.R. § 1245.10(a)(1)(i), the relevant visa petition application must have been "approvable when filed" in order be considered under section 245(i). *See also* 8 C.F.R. § 1245.10(a)(3). As a result of the respondent's entry without inspection, his CSPA adjustment application was not approvable at the time of filing. To overlook this requirement would lead to the anomalous result that a CSPA adjustment application that was not approvable at the time of filing would be considered an approved visa petition for section 245(i) eligibility, while an immigrant visa petition or application for a labor certification that was not approvable at the time of filing would be rejected. We therefore find no support for the view that the LIFE Act Amendments allow the respondent to adjust his status under the CSPA in combination with the current version of section 245(i).

### 3. 8 C.F.R. § 1245.10(a)

The regulations at 8 C.F.R. § 1245.10(a) implement the provisions of the LIFE Act Amendments. They mirror the statutory requirements, stating that section 245(i) eligibility is limited to an alien who is the beneficiary of a "petition for classification under section 204 of the Act which was properly filed with the Attorney General on or before April 30, 2001, and which was approvable when filed" or an application for labor certification that was approvable when properly filed. 8 C.F.R. § 1245.10(a)(1)(i). The rule further specifies that the question whether an application was "approvable when filed" will be determined "based on the circumstances that existed at the time the qualifying petition or application was filed." 8 C.F.R. §1245.10(a)(3). As stated in the previous section, the respondent's CSPA application was not approvable at the time it was filed because of his entry without inspection. Therefore, these regulatory provisions clearly preclude his eligibility for adjustment under section 245(i).

### 4. 1997 Amendments to Section 245(i)

As discussed above, Congress initially amended section 245(i) of the Act on November 26, 1997, to extend the original October 1, 1997, sunset date to January 14, 1998. *See* 1998 Appropriations Act § 111(b), 111 Stat. at 2458. In so doing, it amended section 245(i) to provide that the relevant visa petition or application for labor certification on which the adjustment of status application was based had to be filed "on or before January 14, 1998." *Id.* § 111(a). However, Congress explicitly maintained the October 1, 1994, effective date of section 245(i) as the date upon or after which an application

for adjustment of status under section 245(i) had to be filed.[2]  Therefore, the 1997 amendments provide no basis to vitiate the regulatory provision that section 245(i) does not apply to an application for adjustment of status that was filed before October 1, 1994.  *See* 8 C.F.R. § 1245.10(e).  Moreover, 8 C.F.R. § 245.10(e), the current version of which is at 8 C.F.R. § 1245.10(e), was promulgated on March 26, 2001, after enactment of the 1997 amendments and the 2000 LIFE Act Amendments to section 245(i).  *See* 66 Fed. Reg. at 16,389 (addressing applications for adjustment of status filed before October 1, 1994).  As the current version of this rule was promulgated after passage of the 1997 and 2000 amendments to section 245(i), it has obviously not been superseded by subsequent legislation.

## 5.  8 C.F.R 1245.10(f)(2)

The regulation at 8 C.F.R. § 1245.10(f)(2) requires that an alien whose application was adjudicated and denied by the DHS because of ineligibility under sections 245(a) or (c) of the Act must file a new application for adjustment of status under section 245(i).  As discussed above in response to the first question, the requirement of the filing of a new application presents eligibility problems for CSPA applicants, whose window of opportunity for filing closed on June 30, 1994.

Applications for adjustment of status are continuing applications so that relevant changes in law that occur while an application is under review in immigration proceedings apply to pending applications. *See generally Matter of Alarcon*, 20 I&N Dec. 557 (BIA 1992).  Even if a refiled CSPA application were to be considered a continuing or renewed application, however, we are bound by the current regulations, which state that "[t]he provisions of section 245(i) of the Act shall not apply to an application for adjustment that was filed before October 1, 1994."  8 C.F.R. § 1245.10(e). Therefore, even if the respondent's application is considered a "continuing" application in order to meet the filing window for CSPA, it nevertheless fails to meet the section 245(i) requirement that the application must have been filed after October 1, 1994.

---

[2]  Section 506(c) of the 1994 legislation enacting section 245(i) provided that "[t]he provisions of these amendments to the Immigration and Nationality Act shall take effect on October 1, 1994 and shall cease to have effect on October 1, 1997."  *See* 1995 Appropriations Act § 506(c), 108 Stat. at 1766.  The November 1997 amendment, in eliminating the original sunset date, amended section 506(c) to specify that "[t]he amendment made by [section 506(b), i.e., the original section 245(i) provisions] shall take effect on October 1, 1994."  1998 Appropriations Act § 111(b), 111 Stat. at 2458.

### 6.  Continuing Application Under Current Law

As indicated above, neither the current version of section 245(i) under the LIFE Act Amendments nor the prior versions of the statute apply to the respondent's situation so as to allow him to adjust his status, even if his CSPA adjustment application is considered to be a "continuing" application.

## IV.  CONCLUSION

For the reasons indicated above, we conclude that the respondent is not eligible for adjustment of status under the CSPA in conjunction with section 245(i) of the Act.  Accordingly, the DHS's appeal will again be sustained, and the Immigration Judge's grant of adjustment of status will be vacated.  The record will be remanded to give the respondent an opportunity to apply for any other relief for which he may be eligible, including voluntary departure.

**ORDER:**  The appeal of the Department of Homeland Security is sustained, and the Immigration Judge's grant of the adjustment of status under the CSPA and section 245(i) of the Act is vacated.

**FURTHER ORDER:**  The record is remanded for further proceedings consistent with this decision.