06-3905-ag
*Ri Kai Lin v. BCIS*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2007

(Argued: December 7, 2007                    Decided: January 28, 2008 )

Docket No. 06-3905-ag

————————

Rɪ Kaɪ Lɪɴ,

*Petitioner*,

—v.—

Bᴜʀᴇᴀᴜ ᴏꜰ Cɪᴛɪᴢᴇɴsʜɪᴘ ᴀɴᴅ Iᴍᴍɪɢʀᴀᴛɪᴏɴ Sᴇʀᴠɪᴄᴇs,

*Respondent.*

————————

Before:

McLAUGHLIN, STRAUB, and HALL, *Circuit Judges*.

————————

Petition for review of a Board of Immigration Appeals ("BIA") decision (1) denying

petitioner Ri Kai Lin's motion to reconsider the BIA's prior decision reversing the order of

Immigration Judge ("IJ") Sandy K. Hom granting his application for adjustment of status under

the Chinese Student Protection Act ("CSPA"); and (2) denying his motion to reopen for

consideration of his application for asylum, withholding of deportation, and relief under the

Convention Against Torture ("CAT"). We find reasonable the BIA's holding in *Matter of Wang*,

23 I. & N. Dec. 924 (B.I.A. 2006), that Immigration and Nationality Act ("INA") § 245(i) does

not provide an avenue for renewing or amending a CSPA application for adjustment of status

that was previously denied because the applicant entered without inspection, and we find that the

BIA did not abuse its discretion in declining to reopen to allow Lin to pursue an application for asylum, withholding of removal, or CAT relief. Accordingly, the petition for review is DENIED.

———————————

THEODORE N. COX, New York, New York, *for Petitioner*.

THANKFUL T. VANDERSTAR, Trial Attorney (Peter D. Keisler, Assistant Attorney General, and James E. Grimes, Senior Litigation Counsel, *on the brief*), U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., *for Respondent*.

———————————

PER CURIAM:

## FACTS AND PROCEDURAL HISTORY

Ri Kai Lin, a citizen of the People's Republic of China, entered the United States without inspection in September 1986. In September 1993, he filed an application to adjust his status to that of a legal permanent resident pursuant to the Chinese Student Protection Act of 1992, Pub. L. No. 102-404, 106 Stat. 1969 ("CSPA"), with the former Immigration and Naturalization Service ("INS"). In October 1993, the INS denied his application, finding that he was not eligible to adjust status under 8 U.S.C § 1255(a) because he had entered without inspection.[1] In April 1994, Lin filed an application for asylum and withholding of deportation, claiming that he and his wife had been punished under China's family planning policy because they had four children. In December 1995, he was placed in deportation proceedings.

During a preliminary hearing before IJ Sandy K. Hom, Lin indicated that he wished to

---

[1]Under 8 U.S.C § 1255(a), the Attorney General may adjust the status to permanent residence of "an alien *who was inspected and admitted or paroled* into the United States," if: (1) he or she makes an application for adjustment; (2) he or she is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (3) an immigrant visa is immediately available to him or her (emphasis added).

renew his application for adjustment of status and to pursue his application for asylum and withholding of deportation. The IJ initially questioned whether he had the authority to adjudicate the adjustment of status application; however, in August 1996, he issued a written decision concluding that Lin could, in fact, renew that application before the Immigration Court. After several hearings at which Lin testified in support of his CSPA adjustment application, but gave no testimony regarding his asylum application, the IJ issued an oral decision granting the CSPA application. Noting that the only potential obstacle to Lin's eligibility was his entry without inspection, the IJ stated that the INA had recently been amended to allow certain individuals who had entered without inspection to apply for adjustment of status upon payment of a "superfee." 8 U.S.C. § 1255(i) ("INA § 245(i)"). Because Lin had submitted proof that he paid this fee and was otherwise eligible for adjustment of status under the CSPA, the IJ granted that application. Regarding the asylum application, the IJ noted that Lin had not presented any supporting evidence, and accordingly denied the asylum and withholding of deportation claims.

The government appealed the IJ's decision to the BIA, arguing that Lin could not use INA § 245(i) to remedy his entry without inspection for the purpose of adjusting under the CSPA because the deadline for CSPA applications ended prior to the effective date of INA § 245(i). Lin filed a brief in opposition, but did not cross-appeal the IJ's denial of his asylum application. In November 1998, the BIA sustained the government's appeal, concluding that Lin was ineligible to adjust status notwithstanding § 245(i). Lin did not file a petition for review of that decision.

Later in November 1998, Lin moved the BIA to reconsider its decision in light of a recent amendment to § 245(i). Specifically, he argued that under the amended version of § 245(i), he

was required only to have filed an application for adjustment of status before January 14, 1998. In June 1999, while that motion was still pending, he filed a motion to remand for consideration of his eligibility for CAT relief. Along with the motion, he submitted a new Form I-589, in which he alleged that if he were deported to China, he would be detained and tortured, and either he or his wife would be "force[d] [to] undergo sterilization and other severe penalties." He also submitted background materials regarding country conditions in China.

In a March 2003 order, the BIA denied both motions. The BIA rejected Lin's argument that the CSPA could be read in tandem with § 245(i), notwithstanding the recent amendment. The BIA also denied Lin's motion to reopen, finding that he had not established a prima facie case for CAT relief. Lin filed a petition for review of that decision with this Court. In October 2005, we dismissed his petition and remanded the case to the BIA pursuant to a stipulation by the parties, directing the BIA to "provide further explanation of the reasons for its decision, including a ruling as to Lin's eligibility to utilize INA § 245(i) in conjunction with his application to adjust his status under the CSPA under current law."

On remand, both parties submitted further briefing to the BIA. Meanwhile, in May 2006, the BIA issued a published decision in a case with a similar factual and procedural history, concluding: "An alien whose CSPA application for adjustment of status was denied as a result of the alien's entry without inspection may not amend or renew the application in immigration proceedings in conjunction with section 245(i)." *Matter of Wang*, 23 I. & N. Dec. 924, 924 (B.I.A. 2006). In August 2006, the BIA again denied Lin's motion to reconsider, relying primarily on its reasoning in *Wang*. The BIA also restated its reasons for denying Lin's motion

to reopen to pursue a CAT claim. Lin filed a timely petition for review.[2]

**DISCUSSION**

We review the BIA's denial of a motion to reopen or reconsider for an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). Underlying questions of law are reviewed *de novo*. *See Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir. 2004). Where, as here, a question of statutory interpretation is involved, we must first determine whether the language of the statute is ambiguous, and if so, must defer to the BIA's interpretation, as long as that construction is reasonable. *See id*. at 164 (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-44 (1984)).

> A.      *The Motion to Reconsider*

In *Wang*, 23 I. & N. Dec. at 924, the BIA concluded that an alien who applied for adjustment of status under the CSPA, and had that application denied because he entered the United States without inspection, may not renew that application in immigration proceedings in order to pursue an application for adjustment under section 245(i) of the INA.[3] We conclude that the BIA's interpretation of these provisions in *Wang* was reasonable, to the extent they are

---

[2]The BIA's decision in *Wang* provides an extensive factual background with respect to the CSPA and INA provisions at issue.

[3]No petition for review of the *Wang* decision has been filed in this Court.

5

ambiguous, and that therefore, the BIA did not abuse its discretion in relying on *Wang* to deny Lin's motion to reconsider. *See Ruiz-Almanzar v. Ridge*, 485 F.3d 193, 198 (2d Cir. 2007).

The CSPA provided a limited opportunity for Chinese nationals to adjust to permanent resident status, provided that they had remained in the United States continuously since April 11, 1990, other than "brief, casual, and innocent absences," and had not been physically present in China for more than 90 days between April 11, 1990 and the date of enactment. *See* §§ 102-404, 106 Stat. at 1969-70. The implementing regulations further required that the alien file an application for adjustment of status under INA § 245, and "[e]stablish[] eligibility for adjustment of status under *all provisions of section 245*." 8 C.F.R. § 1245.9(b) (emphasis added). Lin does not dispute that his application was not approvable when he filed it in September 1993, because he entered without inspection. *See* 8 U.S.C. § 1255(a); *Wang*, 23 I. & N. Dec. at 928-29.

Instead, Lin argues that he is now eligible to adjust under a newer provision of the INA, § 245(i). This provision, first enacted in August 1994, allows certain aliens who entered without inspection to adjust status upon payment of an additional fee. *See* 8 U.S.C. § 1255(i). In *Wang*, the BIA noted that, although the statute has undergone several amendments since that time, the corresponding regulation, enacted in 2001, continues to provide that INA § 245(i) applies only to adjustment applications filed after October 1, 1994. 23 I. & N. Dec. at 933-34 (citing 8 C.F.R. § 1245.10(e)). Because the window for filing an adjustment application under the CSPA closed on June 30, 1994, *see* CSPA § 2(e), the BIA found that individuals who had applied for adjustment under the CSPA prior to the June 30, 1994 deadline could not later renew their applications under INA § 245(i). *Wang*, 23 I. & N. Dec. at 930-31.

Nevertheless, Lin argues that he was not required to "renew" his application, because a

2000 amendment to INA § 245(i) provides that an alien who is the "beneficiary . . . of . . . a petition for classification under [INA § 204] that was filed with the Attorney General on or before April 30, 2001" is eligible to adjust status, 8 U.S.C. § 1255(i)(1)(B)(i), and that as an alien who met all the requirements to adjust under the CSPA, he was "deemed to have had a petition approved under [INA § 204(a)] for classification under [INA §] 203(b)(3)(A)(i),"[4] *see* CSPA § 2(a)(1), 106 Stat. at 1969. These provisions are, arguably, ambiguous. In *Wang*, however, the BIA concluded that the two statutory provisions could not be read together in the manner Lin suggests. 23 I. & N. Dec. at 930-32. The BIA reasoned:

> The language chosen by Congress in the current version of section 245(i) clearly refers to the act of filing an immigrant visa petition. The filing of an immigrant visa petition is an act preliminary to, and is distinctly different from, the filing of an application for adjustment of status.

*Id*. at 932. Accordingly, the BIA found that a CSPA applicant was "not the beneficiary of a visa petition," but was rather the "beneficiary of a limited opportunity to adjust status afforded by Congress under the CSPA." *Id*. We find reasonable the BIA's conclusion that even if Lin was considered "deemed" to have had a visa petition approved for purposes of adjustment, *see* CSPA § 2(a)(1), he did not, in fact, "file" an approvable visa petition under § 204(a) as required by INA § 245(i), and was therefore not eligible to adjust under that provision. *Cf. Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 307 & n.9 (2d Cir. 2007) (*en banc*) (explaining that the word "deem" is used to establish a "legal fiction").

The CSPA and INA § 245(i) each provided a unique opportunity for certain individuals to adjust status notwithstanding their ineligibility under INA § 245(a), and the BIA reasonably

---

[4]Section 204(a) of the INA establishes the procedure by which an alien petitions for an immigrant visa. Section 203(b)(3)(A)(i) provides for the allocation of employment-based visa petitions to skilled workers.

concluded in *Wang* that the two provisions could not be read together to allow an individual who was neither inspected and admitted or paroled, nor had filed an approvable visa petition or labor certification, to adjust status. *See Wang*, 23 I. & N. Dec. at 932-33; *see also Gee-Kwong Chan v. Reno*, 113 F.3d 1068, 1071-73 (9th Cir. 1997).

B.      *The Motion to Reopen*

Likewise, the BIA did not abuse its discretion in denying Lin's motion to reopen. In his most recent brief to the BIA, following this Court's remand, Lin argued that if the BIA were to find him ineligible for adjustment of status, it should "remand the matter for consideration of his asylum and CAT claims," because he had not had the opportunity to present those claims. In his brief to this Court, he argues that the BIA abused its discretion by ignoring this argument and instead addressing the merits of his underlying claims. This argument is unavailing for several reasons. First, Lin had an opportunity to present testimony and evidence in support of his asylum application during his proceedings before the IJ, yet failed to do so, and accordingly, the IJ found that he had not demonstrated eligibility. When the government appealed the IJ's grant of adjustment of status, Lin did not cross-appeal the IJ's ruling on the asylum claim. Lin also did not mention his asylum claim in his initial motion to reconsider or reopen, nor did he submit any supporting evidence with his brief on remand, and therefore it was not an abuse of discretion for the BIA not to address the claim at that stage. Moreover, to the extent Lin sought reopening with respect to his CAT claim, the BIA's ruling was consistent with the applicable regulations. CAT relief was not available at the time of Lin's hearing before the IJ; however, the regulations allow for aliens who were ordered removed prior to March 22, 1999 to file motions to reopen to pursue CAT relief. 8 C.F.R. § 1208.18(b)(2). The regulations provide that such a motion "shall not be

8

granted unless . . . [t]he evidence sought to be offered establishes a prima facie case" for withholding or deferral of removal under the CAT. *Id*. § 1208.18(b)(2)(ii). The BIA found that Lin failed to establish a *prima facie* claim for CAT relief.[5] We find that the BIA acted within its allowable discretion when it denied Lin's motion to reopen based on a straightforward application of the regulations.

**CONCLUSION**

For the foregoing reasons, the petition for review is DENIED, and the pending motion for a stay of removal in this petition is DENIED as moot.

---

[5]Lin does not challenge the merits of the BIA's determination that he failed to establish a prima facie case for CAT relief, and therefore such challenge is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).