SHU ZHEN NIE, Petitioner,

v.

Michael B. MUKASEY, Attorney
General of the United States,[1]
Respondent.

No. 07–4014–ag.

United States Court of Appeals,
Second Circuit.

June 24, 2008.

Lee Ratner, Law Offices of Michael,
Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, Francis W. Fraser, Senior Litigation Counsel, Susan Houser, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner, Shu Zhen Nie, seeks review of an August 21, 2007 order of the BIA denying her motion to reconsider. *In re Nie*, No. A 98 277 004 (B.I.A. Aug. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

AS an initial matter, to the extent that Nie attempts to challenge the merits of the agency's underlying denial of her applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief, that decision denying Nie's motion to reconsider is not properly before this Court and the petition for review must be dismissed to that extent. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir.2001). Only the BIA's August 2007 decision denying Nie's motion to reconsider is before us as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

We review the denial of a motion to reconsider for abuse of discretion. *See Ri Kai Lin v. BCIS,* 514 F.3d 251, 253–54 (2d Cir.2008). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao,* 265 F.3d at 90. A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of Cerna,* 20 I. & N. Dec. 399, 402 n. 2 (B.I.A.1991) (internal quotation marks omitted)

In denying Nie's motion to reconsider, the BIA addressed her many assertions of error, rejecting each in turn. However, Nie fails to challenge much of the BIA's decision before this Court, waiving any such arguments.[2] *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Indeed, the only argument properly before this Court is Nie's assertion that the BIA improperly upheld the IJ's finding that her abortion certificate was suspect by relying excessively on the Department of State's 2004 Profile of Asylum Claims and Country Conditions. The BIA did not abuse its discretion in reaffirming its finding where we found in *Tu*

*Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006), that while Department of State reports do not automatically discredit contrary evidence, the agency may properly find implausible a petitioner's testimony that an abortion was forced in light of the 2004 Profile. Although Nie attempts to distinguish her case from *Tu Lin* before this Court, she failed to exhaust any such arguments in her motion to reconsider even though the BIA cited to that case in support of its April 2007 order. *See Lin Zhong,* 480 F.3d at 119–20.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** Additionally, Nie failed to exhaust any argument in her motion before the BIA that the date inconsistencies concerning her Falun Gong claim did not exist in the record. Thus, we decline to consider that issue. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).