**XUE FANG ZHAO, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 08–1982–ag.

United States Court of Appeals,
Second Circuit.

Jan. 14, 2009.

Xue Fang Zhao, New York, NY, pro se.

Gregory G. Katsas, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present: SONIA SOTOMAYOR, RICHARD C. WESLEY and DEBRA ANN LIVINGSTON, Circuit Judges.

***SUMMARY ORDER***

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Xue Fang Zhao, a native and citizen of the People's Republic of China, seeks review of the March 27, 2008 order of the BIA denying her motion to reconsider. *In re Xue Fang Zhao,* No. A77 998 514 (B.I.A. Mar. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, to the extent that the Petitioner attempts to challenge the merits of the agency's underlying denial of her applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief, and the agency's April 2004 and November 2007 orders, those orders are not properly before this Court and the petition for review must be dismissed to that extent. *See Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). Only the BIA's March 2008 decision denying the Petitioner's motion to reconsider is properly before us as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1).

We review the denial of a motion to reconsider for abuse of discretion. *See Ri Kai Lin v. BCIS,* 514 F.3d 251, 253–54 (2d Cir.2008). The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA's decision and be

supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1); *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 173 (2d Cir.2008). In her motion to reconsider, the Petitioner simply repeated her assertion that her membership in the Chinese Democratic Party would cause her to be persecuted upon her return to China. Because the Petitioner's motion simply repeated the same arguments the BIA rejected in denying her motion to reopen, the BIA did not abuse its discretion in denying her motion to reconsider. *See Jian Hui Shao,* 546 F.3d at 173 (finding no abuse of discretion where the BIA denied a motion to reconsider that did not point to errors of fact or law and simply repeated arguments); *see also Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam) (holding that "[t]he BIA does not abuse its discretion by denying a motion to reconsider where the motion [merely] repeats arguments that the BIA has previously rejected.").[1]

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. We decline to reach Zhao's unexhausted arguments regarding her fear of persecution under China's family planning policy. *See* *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).