CHING KUEI YAU, also known as Jing Kui You, Petitioner,

v.

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.

No. 05–5538–ag.

United States Court of Appeals, Second Circuit.

April 2, 2009.

Theodore N. Cox, New York, N.Y., for Petitioner.

Dione M. Enea, Special Assistant United States Attorney (Benton J. Campbell, United States Attorney, on the brief; Scott Dunn, Assistant United States Attorney, of counsel), Eastern District of New York, Brooklyn, N.Y., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Ching Kuei Yau, also known as Jing Kui You, a native and citizen of the People's Republic of China, seeks review of: (1) a September 28, 2001 order of the BIA denying portions of his motions to reopen and reconsider his Chinese Student Protection Act ("CSPA") claim; (2) a May 17, 2004 decision of an immigration judge ("IJ"), which was summarily affirmed by the BIA on September 23, 2005, denying Yau's application for relief under the Unit-

ed Nations Convention Against Torture ("CAT"), and finding that she lacked jurisdiction to consider Yau's application for adjustment of status. We assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues on appeal.

At oral argument, Yau's counsel conceded that his CSPA claim is foreclosed by this Court's decision in *Ri Kai Lin v. BCIS*, 514 F.3d 251, 254 (2d Cir.2008) (finding reasonable BIA's conclusions that an application for relief pursuant to the CSPA is not considered a visa "petition" for purposes of section 245(i) of the Immigration and Nationality Act, and that section 245(i) applies only to applications filed after October 1, 1994, which is after the CSPA deadline of June 30, 1994), and that his CAT claim is foreclosed by the Court's decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir.2007) (in banc) (holding § 601 of Illegal Immigration Reform and Immigrant Responsibility Act of 1996 does not confer automatic asylum eligibility on spouses of individuals who have undergone or been threatened with coercive birth control procedures).

Remaining is Yau's application for adjustment of status based on his labor certification, which the IJ held she lacked jurisdiction to consider. Yau submitted the labor certification to the BIA in 1999, and the BIA construed it as a motion to reopen, which it denied in September 2001 for being time- and number-barred. The IJ therefore did not err in denying Yau's subsequent attempt to present the certification to the IJ on remand, because the BIA had already ruled that a motion to reopen based on the labor certification was procedurally barred. *See* 8 C.F.R. § 1003.2(c)(2); 8 C.F.R. § 1003.23(b)(1). Moreover, in addition to rejecting Yau's motion to reopen on procedural grounds,

the BIA expressly restricted the remand to "the limited purpose" of consideration of Yau's CAT claim, and thus made plain the BIA's intent to exclude Yau's motion to reopen for adjustment of status from the scope of the IJ's jurisdiction on remand. *See Matter of Patel*, 16 I. & N. Dec. 600, 601 (B.I.A.1978) (holding a remand from the BIA to an IJ is effective for all matters deemed appropriate in the exercise of administrative discretion "unless the Board qualifies or limits the remand for a specific purpose"). We are not persuaded by the decision of the United States Court of Appeals for the Third Circuit in *Johnson v. Ashcroft*, 286 F.3d 696 (3d Cir.2002) that, in these circumstances, a further, explicit retention of jurisdiction by the BIA was necessary to divest the IJ of authority to grant Yau's motion to reopen.

For the reasons stated above, the petition for review of the decisions of the Board of Immigration Appeals is DENIED.