SUMMARY ORDER

Petitioner, Li Jie Wang, seeks review of a November 24, 2008 order of the BIA denying her motions to reonsider and reopen. In re Li Jie Wang, No. A 095 161 911 (B.I.A. Nov. 24, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the agency’s denial of a motion to reconsider or reopen for abuse of discretion. See Ri Kai Lin v. BCIS, 514 F.3d 251, 253-54 (2d Cir.2008).
I. Motion to Reconsider
The regulations provide that a motion to reconsider must specify errors of fact or law in the BIA’s decision and be supported with pertinent authority. See 8 C.F.R. § 1003.2(b)(1); Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 90 (2d Cir.2001). A motion to reconsider “is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked.” Matter of Cerna, 20 I. & N. Dec. 399, 402 n. 2 (B.I.A.1991) (internal quotation marks omitted).
The BIA did not abuse its discretion in denying Wang’s motion to reconsider because she failed to specify any error in fact or law in its July 2006 decision. See 8 C.F.R. § 1003.2(b)(1). The BIA reasonably found that to the extent her motion to reconsider reiterated the same ineffective assistance of counsel claim she made in her first motion to reopen, it had previously reviewed and rejected that claim. See Jin Ming Liu v. Gonzales, 439 *660 F.3d 109, 111 (2d Cir.2006) (finding that the BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected). Additionally, the BIA properly found that to the extent Wang’s motion to reconsider raised neiv factual assertions concerning the representation of different counsel, it did not specify an error of fact or law in the July 2006 decision. See 8 C.F.R. § 1003.2(b)(1); Matter of O-S-G-, 24 I. & N. Dec. 56, ST-58 (B.I.A.2006) (“A motion to reconsider contests the correctness of the original decision based on the previous factual record....”).
II. Motion to Reopen
The BIA denied Wang’s second motion to reopen because it was number-barred under 8 C.F.R. § 1003.2(e)(2), and declined to reopen her immigration proceedings sua sponte pursuant to 8 C.F.R. § 1003.2(a). To the extent that Wang, citing 8 U.S.C. § 1252(a)(2)(D), states a reviewable claim that application of the number bar violated her due process rights, that claim is wholly without merit. She admitted presenting a fraudulent asylum application, and was nonetheless given the opportunity to present an amended application. Wang was granted numerous continuances over a two-and-a-half year period to allow her to file an amended application. She failed to do so. Moreover, she has already litigated one motion to reopen. See Yuen Jin v. Mukasey, 538 F.3d 143, 157 (2d Cir.2008) (holding that motions to reopen provide additional process to aliens challenging removal). Under these circumstances, it cannot be said that the government denied Wang a “full and fair opportunity to present her claims.” See Li Hua Lin v. U.S. Dep’t of Justice, 453 F.3d 99, 104-05 (2d Cir.2006) (internal quotation marks omitted).
To the extent that Wang claims that her situation is “exceptional” and therefore the BIA should have reopened under 8 C.F.R. § 1003.2(a), Matter of J-J-, 21 I & N. Dec. 976, 984 (B.I.A.1997), we lack jurisdiction to review this claim, see Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006).
We have reviewed Wang’s other claims and find them to be without merit.
For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).