11-1718-ag
Pui v. Holder

BIA
A073 565 085

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand twelve.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

YAU KUEN PUI,
> *Petitioner,*

v.                                              11-1718-ag
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Douglas E. Ginsberg, Assistant Director; Theo Nickerson, Trial Attorney, Office of

Immigration Litigation, United
States Department of Justice,
Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED**, that the petition for review is **DENIED**.

Yau Kuen Pui, a native and citizen of China, seeks review of a March 29, 2011 order of the BIA denying her second motion to reopen and her motion to reconsider its denial of her first motion to reopen. *In re Yau Kuen Pui*, No. A073 565 085 (BIA Mar. 29, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review the BIA's denial of a motion to reopen or reconsider for an abuse of discretion." *Ri Kai Lin v. Bureau of Citizenship & Immigration Servs.*, 514 F.3d 251, 253–54 (2d Cir. 2008) (per curiam). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may move to reopen her case, but she must generally do so within 90 days of the entry of the final order of deportation in the underlying proceeding.  8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(C)(i).  A motion that does not comply with this time limitation can be brought if the alien establishes both "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii), and *prima facie* eligibility for relief, *see Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).  Pui's 2010 motion to reopen was untimely because the BIA's final order in the underlying proceeding was entered in 2002.  She was therefore required to establish that conditions in China had changed since her last merits hearing.

Pui concedes that the BIA correctly concluded that she had shown a change in personal circumstances, which alone is insufficient to excuse her untimely motion.  *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir. 2005) (per curiam).  Moreover, the BIA acted well within its discretion in finding that Pui failed to establish a material change in country conditions in China

3

concerning the oppression of political dissidents and unregistered Christian churches.  Pui cites to evidence indicating that the Chinese government intensified its oppression of political dissidents and unregistered religious groups in certain regions of the country in the period leading up to and during the 2008 Summer Olympics.  However, that intensification was not material to her motion to reopen, which was filed well after the Olympics had concluded.  *Cf. Jian Hui Shao*, 546 F.3d at 169.

Although Pui cites to news articles and congressional testimony indicating a general increased "crackdown" on political and religious groups in China, the BIA did not abuse its discretion in finding that she failed to explain how the Chinese government's treatment of such groups materially changed since the time of her last hearing in 1998.  *See In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007).

Moreover, while Pui relied on a 2010 news article quoting a U.S. State Department official's opinion that "pressure on civil society groups challenging Beijing government policies is on the rise" and the situation was "a real crackdown," the BIA was not required to expressly address this piece of evidence where she failed to compare

4

the current conditions in China to the conditions in 1998, or give the official's generalized opinion much weight where she failed to substantiate her claim with any other evidence. *See Jian Hui Shao*, 546 F.3d at 169; *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Furthermore, substantial evidence in the record supports the BIA's conclusion that no material change has occurred in China's policy toward unregistered churches. Consequently, we will not disturb the agency's finding.

Finally, Pui challenges the BIA's denial of her motion to reconsider her first motion to reopen insofar as the agency ruled that her reliance on *Shi Jie Ge v. Holder*, 588 F.3d 90, 96 (2d Cir. 2009), and other cases was misplaced. In her appellate brief, she asserts that, like the asylum applicant in *Shi Jie Ge*, she can "demonstrate a well-founded fear of future persecution by demonstrating that [her] involvement in a banned organization [, i.e., the China Democracy Party ("CDP"),] may become known *after* [her] return." *Shi Jie Ge*, 588 F.3d at 96 (emphasis in original). However, because Pui failed to demonstrate changed country conditions, a prerequisite to consideration of the merits of her claim, we need not address whether the agency's conclusion that no evidence had been submitted demonstrating

5

that the Chinese authorities were actually aware of her CDP membership was error in light of *Shi Jie Ge*.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk