16-599 (L)
Hyska v. Sessions

BIA
Montante, IJ
A096 267 268

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand seventeen.

PRESENT:
    JON O. NEWMAN,
    REENA RAGGI,
    PETER W. HALL,
        *Circuit Judges.*

_____

IRISI HYSKA,
        *Petitioner,*

    v.                                    16-599(L),
                                          16-3086 (Con)
                                          NAC

JEFFREY B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Michael P. DiRaimondo, Marialaina L.
                           Masi, Stacy A. Huber, DiRaimondo &
                           Masi, LLP, Melville, NY.

FOR RESPONDENT:            Joyce C. Branda, Deputy Assistant
                           Attorney General; Janette L. Allen,
                           Senior Litigation Counsel; Jennifer
                           A. Bowen, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

In the lead petition, petitioner Irisi Hyska, a native and citizen of Albania, seeks review of a February 5, 2016, decision of the BIA affirming a March 25, 2015, decision of an Immigration Judge ("IJ") denying Hyska's application for cancellation of removal. *In re Irisi Hyska,* No. A096 267 268 (B.I.A. Feb. 5, 2016), *aff'g* No. A096 267 268 (Immig. Ct. Buffalo Mar. 25, 2015). In the consolidated petition, Hyska seeks review of an August 5, 2016, decision of the BIA denying his motion to reopen. *In re Irisi Hyska,* No. A096 267 268 (B.I.A. Aug. 5, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

I.   Lead Petition

We have reviewed the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We lack jurisdiction to review the factual determinations underlying the denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Barco-Sandoval v.*

*Gonzales*, 516 F.3d 35, 38-39 (2d Cir. 2008). We retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). To ascertain whether a petitioner raises constitutional challenges or questions of law, we "study the arguments asserted" and "determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual finding or justification for the discretionary choices, in which case the court would lack jurisdiction." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Hyska argues that the IJ rendered an inconsistent decision in denying cancellation but granting voluntary departure. As the Government observes, Hyska failed to exhaust this argument before the BIA, and so we decline to consider it. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (defining exhaustion doctrine).

Hyska also suggests that the IJ placed too much weight on his evasive testimony and prior criminal history in denying cancellation. That discretionary weighing of the evidence does not raise a constitutional claim or question of law. 8 U.S.C. § 1252(a)(2)(B)(i); *Barco-Sandoval*, 516 F.3d at 38-39; *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (the agency may commit an error of law where "important" facts have been

3

"totally overlooked and others have been seriously mischaracterized").

II. Motion To Reopen

We review the BIA's denial of a motion to reopen for abuse of discretion, "mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

Hyska argues that the BIA should have reevaluated his cancellation application in light of the evidence he submitted with his motion. In his motion, Hyska said that his former attorney should have presented his family's history of persecution and evidence of current country conditions in support of his cancellation application. Hyska's request that the BIA reevaluate his cancellation application was therefore subsidiary to his ineffective assistance claim. But he dropped that claim. Moreover, it made sense for Hyska to link a renewed cancellation application to his ineffective assistance claim. A motion to reopen must present evidence that "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). But Hyska's documents related almost entirely to events that predated his March 2015 removal hearing, and his motion did not provide a ground for reopening the cancellation application absent ineffective

4

assistance of counsel. *See, e.g., Ri Kai Lin v. BCIS*, 514 F.3d 251, 256 (2d Cir. 2008) ("We find that the BIA acted within its allowable discretion when it denied Lin's motion to reopen based on a straightforward application of the regulations.").

In the main, Hyska's motion sought asylum based on what he characterized as new and material evidence of changed country conditions in Albania. The BIA denied Hyska's motion for failure to demonstrate his prima facie eligibility for asylum, without providing explicit reasoning for that conclusion. As Hyska notes, the BIA's "[f]ailure to explain a decision adequately" may provide a basis for remand if it leaves the parties and this Court with "controversy and confusion." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 96-97 (2d Cir. 2001). However, the BIA's decision described Hyska's documentary evidence in a way that implies its reasons for finding that Hyska failed to establish his prima facie eligibility for asylum. *INS v. Abudu*, 485 U.S. 94, 104 (1988) (the BIA "may hold that the movant has not established a prima facie case for the underlying substantive relief sought").

Hyska submitted documents related to the harm his parents purportedly suffered based on their pro-democracy activities. But those events took place under the prior communist regime, and affected members of Hyska's family, not Hyska himself, and

5

therefore cannot establish his eligibility for asylum.  *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 311 (2d Cir. 2007).

Hyska also submitted a document from Bernd Fischer describing the Socialist Party's consolidation of authoritarian control in Albania.  But Hyska does not claim to belong to any opposition party, engage in political activities, or intend to do either if returned to Albania.  He is therefore not similarly situated to the people and situations that Fischer describes.  *Cf. Y.C. v. Holder*, 741 F.3d 324, 333 (2d Cir. 2013) (explaining that it is speculative for asylum applicant to assume that Chinese government would discover her political activities in the United States).

Hyska attested to having been beaten by police after he witnessed a shooting.  But he drew no connection between that beating and any protected ground for asylum.  8 U.S.C. § 1101(a)(42) (defining refugee).  Nor did he give the BIA any basis to infer that this type of treatment will recur upon his return to Albania nearly two decades later, as required for CAT relief.  *See, e.g., Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (describing test as whether applicant "will more likely than not be tortured if he is deported").  Finally, Hyska alleged that his family is in the midst of a blood feud with

6

a neighbor over property. Hyska's passing description of the land dispute would not compel any reasonable fact-finder to conclude that he will be subjected to government-sanctioned persecution or torture as a consequence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (review of the BIA's fact-finding on a motion to reopen is for substantial evidence). Based on this record, the BIA had the discretion to find that Hyska failed to demonstrate his prima facie eligibility for asylum, withholding of removal, or CAT relief.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk